*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

VULPINA LLC,

Plaintiff-Appellee,

v

RANDY K. DZIERZAWSKI, RANDY K.
DZIERZAWSKI REVOCABLE LIVING TRUST
and C & D CAPITAL LLC,

Defendants-Appellants.

UNPUBLISHED
January 19, 2023

No. 361427
Oakland Circuit Court
LC No. 2011-119630-CK

Before: M. J. KELLY, P.J., and BOONSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendants, Randy Dzierzawski, the Randy K. Dzierzawski Revocable Living Trust, and
C & D Capital LL, appeal as of right the trial court order denying defendants' motion for relief
from the trial court's order granting plaintiff, Vulpina LLC's, amended ex parte motion to renew
judgment. For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

This case has a rather long and somewhat tortured history. In February 2012, the trial court
entered a $1,752,767.82 judgment in favor of Flagstar Bank against defendants, jointly and
severally. In December 2012, Flagstar Bank assigned the judgment to Vulpina. At the time of the
assignment, the remaining principal on the judgment was $1,054,775. In April 2013, defendant
Dzierzawski filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy
Code, 11 USC 101 *et seq*. (liquidation). The trial court entered a bankruptcy stay against defendant
Dzierzawski only.

In September 2014, the bankruptcy court granted Vulpina derivative standing to file an
adversary proceeding to challenge Dzierzawski's allegedly fraudulent transfer of Vinifera Wine
Company, LLC to his wife. See *In re Dzierzawski*, 518 BR 415, 425 (Bankr ED Mich, 2014). As
part of its analysis granting Vulpina standing, the bankruptcy court noted that the bankruptcy
trustee and Vulpina had stipulated that the trustee could approve a settlement offer if the trustee
believed that the settlement offer was reasonable. *Id*. at 421. Subsequently, Vulpina pursued the

fraudulent-transfer claim against Dzierzawski's wife and Dzierzawski, alleging that Dzierzawski either never transferred his interest in Vinifera Wine Company, LLC to his wife or that the transfer was in violation of Michigan's Uniform Fraudulent Transfer Act, MCL 566.42 *et seq.* or section 548 of the Bankruptcy Code, 11 USC 548. In July 2016, the bankruptcy trustee entered into a settlement agreement with Dzierzawski and his now ex-wife. The agreement, which was subject to approval by the bankruptcy court, provided:

> WHEREAS, the Parties have now reached an agreement and desire to settle and resolve the claims asserted by Vulpina, standing derivatively for the Trustee, with respect to the Transfer, and all other claims relating to the ownership interests in Vinifera.

> \* \* \*

> 1. In full and final settlement of the claims asserted in the Adversary Proceeding, the Defendants shall pay, or cause to be paid on their behalf, to the Trustee the sum of One Million Two-Hundred-Ten Thousand Dollars ($1,210,000) within ten (10) days following entry of a final, non-appealable order authorizing the settlement described herein the ("Settlement Payment"). . . .

> \* \* \*

> 5. Upon full execution of this Agreement, entry of an Order of the U.S. Bankruptcy Court approving this settlement and receipt by the Trustee of immediately available funds in the amount of the Settlement Payment, the Trustee unconditionally releases, forever discharges, and waives any rights, claims and causes of action the Trustee has or may have against the Defendants relating to the Transfer or any and all other claims relating to the ownership interests in Vinifera.

Over Vulpina's objection, the bankruptcy court approved the settlement agreement. The order provided:

> IT IS FURTHER ORDERED that the Trustee is authorized to accept the sum of $1,210,000.00 in full resolution of the Adversary Proceeding (as that term is defined in the Motion) and he may transfer the bankruptcy estate's remaining one percent (1%) interest in Vinifera Wine Company, LLC to [Dzierzawski's ex-wife] or her designee other than the Debtor Randy K. Dzierzawski.

The trustee represented to the bankruptcy court that "[u]nder the terms of the Settlement Agreement and Release, the Settlement Payment (as defined therein) was due, and was paid, to the Trustee by October 29, 2016." Subsequently, the bankruptcy court entered an order dismissing the adversary proceedings with prejudice.

On June 22, 2018, the bankruptcy trustee filed his final account and distribution report, which, in relevant part, indicated that the bankruptcy estate had gross receipts totaling $1,225,250—$2,000 from a tax refund, $12,500, from household goods & furnishings, and $1,210,750 from Vinifera Wine Company, LLC. Relevant to the issues raised in this appeal, the

final account indicated that Vulpina had a claim for $1,054,775, and that $934,598.03 was paid on that claim. The difference between the claimed amount (from Form 6F) and the amount paid was $120,176.97.

The bankruptcy proceedings did not result in a discharge of the unpaid balance of Vulpina's claim. Instead, the bankruptcy court entered an order approving Dzierzawski's request for a waiver of discharge under 11 USC 727(a)(10). Subsequently, on August 18, 2017, the bankruptcy court entered an order confirming that the automatic bankruptcy stay had been terminated as of May 5, 2015.

Thereafter, in February 2019, Vulpina filed a notice of judgment lien against defendants. Vulpina then sought to recover attorney fees and costs associated with its post-judgment collection efforts, the trial court awarded $350,000, and this Court affirmed in an unpublished per curiam opinion. *Vulpina, LLC v Dzierzawski*, unpublished per curiam opinion of the Court of Appeals, entered December 29, 2020 (Docket No. 351472); slip op at pp 1-2.

On February 24, 2022, because the statute of limitations on the collection of its judgment would expire on February 28, 2022, see MCL 600.5809(3), Vulpina filed an ex parte motion to renew judgment for an additional 10 years. Vulpina asserted that the renewed judgment should be entered in the amount of $847,364.15 (with the amount including outstanding principal, attorney fees, and interest). In response, defendants contended that any renewed judgment should only be for $350,000 in attorney fees plus interest. Defendants contended that there was no principal outstanding on the judgment because on October 5, 2016, in the bankruptcy case, Vulpina had accepted a $1,210,000 settlement agreement as a full resolution of its adversary proceedings. In support, they directed the trial court to the bankruptcy trustee's request that the bankruptcy court to dismiss the adversary proceeding with prejudice because the terms of the settlement agreement and release had been satisfied; defendants believe that the request reflects that the principal on the judgment was paid in full. They also referenced a blub on Vulpina's lawyers' website that suggested that Vulpina's lawyers had successfully obtained "a near 100% recovery for" Vulpina. Finally, they attached a copy of the bankruptcy court's order approving the settlement agreement and release, but not a copy of the actual settlement and release that was approved by and referenced in the bankruptcy court's order.

On March 16, 2022, the trial court granted Vulpina's motion and entered an order renewing the judgment in the amount of $847,364.15, including interest, for another ten years. Defendants filed an objection to the court's order, asserting that the court had failed to consider its response to Vulpina's motion for renewed judgment, and that, consideration of the documentation they had submitted in their earlier filing irrefutably and clearly showed that the judgment amount was incorrect. They requested that the court rescind or amend its order under MCR 2.612(C)(1)(a), (c), and (f). Thereafter, on April 14, 2022, defendants filed a motion for relief from judgment, making the same arguments and citing MCR 2.612(C)(1)(a), (c), and (f). The court ordered Vulpina to file a response to defendants' motion and set the matter for a hearing.

On May 2, 2022, Vulpina filed its response to defendants' motion for relief from renewed judgment. Vulpina asserted that the bankruptcy trustee had made a $934,598.03 distribution to Vulpina on its judgment against defendants, which left a balance of $120,177.12 on the judgement principal. Vulpina directed the trial court to defendants' statements in earlier proceedings,

following the bankruptcy proceedings, $120,177.12 remained on the judgment principal.[1] Vulpina further noted that the order awarding Vulpina $350,000 in attorney fees and costs also stated that "[w]ith respect to any principal loan amount due and owing to Plaintiff, Defendants shall pay Plaintiff statutory interest relative thereto." Moreover, Vulpina noted that defendants did not dispute any of its interest calculations, nor did they provide an alternative calculation. In support of its calculations, Vulpina stated that the principal totaled $459,828.30 and that the interest on the judgment was $339,651.18.

At the hearing on defendants' objections, in addition to the arguments raised in its motion, defendants argued, for the first time, that res judicata and collateral estoppel prevented Vulpina from pursuing the remaining principal on the judgment. Thereafter, the trial court denied defendants' motion for relief from renewed judgment. The court determined that the settlement payment did not fully satisfy the judgment, that the outstanding amount of principal remained due, and that res judicata did not bar Vulpina's claim. This appeal follows.

---

[1] In support, Vulpina attached a copy of defendants' motion that included the following representation from defendants' lawyer:

> The Judgment in this matter has been fully paid and satisfied. The initial Judgment was for $1,752,767.82 on February 29, 2012. The Garnishee Request of Vulpina in April 2019 acknowledged that $1,632,590.70 was already paid. This leaves an amount owed of $120,177.12. However, Vulpina objected to the bankruptcy settlement, requiring additional substantial fees and expenses, and therefore, Vulpina did not get $120,777.12, which would have paid the Judgment amount in its entirety.

> * * *

> Ultimately, the Court approved the bankruptcy settlement of $1,210,000. However, because of the administrative fees due to Vulpina's objections, Vulpina was only able to receive $934,598.03. Vulpina by objecting to the settlement, cost itself $120,176. This amount should not be charged to Defendants, as it was unreasonable for Vulpina to refuse to agree to settle a case that would have paid the entire judgment and all accrued interest.

> Given the above, this Court should determine that the entire judgment amount and accrued interest have been paid.

This excerpt from defendants' brief, however, does not amount to an admission that the remaining balance on the judgment was $120,177.12. Rather, in context, it is clear that in the prior proceedings, defendants took the position that the judgment was fully satisfied during the bankruptcy proceedings. Although the rationale behind its current assertion and its prior assertion are different, the primary argument—that the judgment was fully satisfied during the bankruptcy proceedings—has been consistently maintained by defendants.

-4-

## II. MOTION FOR RELIEF FROM RENEWED JUDGMENT

### A. STANDARD OF REVIEW

Defendants argue that the trial court abused its discretion by denying their motion for relief from judgment. This Court reviews for an abuse of discretion a trial court's decision to deny a motion for relief from judgment. *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 404; 651 NW2d 756 (2002). "An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes." *Souden v Souden*, 303 Mich App 406, 414; 844 NW2d 151 (2013) (quotation marks and citation omitted).

### B. ANALYSIS

Defendants sought relief from judgment under MCR 2.612(A)(1), (C)(1)(a), (C)(1)(c), and (C)(1)(f). MCR 2.612(A)(1) provides that "[c]lerical mistakes in judgments, orders, or other parts of the record and errors arising from oversight or omission may be corrected by the court at any time on its own initiative or on motion of a party and after notice, if the court orders it." MCR 2.612(C) provides:

> (1) On motion and on just terms, the court may relieve a party or the legal representative of a party from a final judgment, order, or proceeding on the following grounds:
>
> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> * * *
>
> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party
>
> * * *
>
> (f) Any other reason justifying relief from the operation of the judgment.

Defendants contend that they are entitled to relief from judgment because the renewed judgment includes approximately $120,776 in principal. Defendants assert that the principal on the judgment was satisfied in full during bankruptcy proceedings. The record does not support that assertion.

First, it is unrefuted that the bankruptcy proceeding did not result in a payment in full of the unpaid principal on Vulpina's judgment. According to the final account filed by the bankruptcy trustee, the amount of Vulpina's claim was $1,054,775, the amount paid on the claim was $934,598.03, which leaves approximately $120,776 in unpaid principal on the judgment.

Second, although Dzierzawski filed for Chapter 7 bankruptcy, he did not receive a discharge of his pre-bankruptcy debts. Instead, the bankruptcy court approved his petition for a dismissal without a discharge. The discharge expressly provided that Dzierzawski would "not receive a discharge in this bankruptcy case, and therefore will not receive a discharge of any debts

-5-

or obligations in existence at the time of the filing of this bankruptcy case." Indeed, in his motion to approve the settlement agreement related to the adversary proceeding, the bankruptcy trustee represented to the bankruptcy court that "because the Debtor has waived his right to a discharge [Dkt. 231], Vulpina is free to pursue collection of any remaining amounts it is owed." As a result, following the resolution of the main bankruptcy proceedings, Vulpina was free to pursue its claim for the unpaid and outstanding judgment principal.

Third, the settlement agreement and release did not reflect an agreement that Vulpina would be barred from pursuing the unpaid balance of its judgment. Instead, the agreement reflected that the defendants to the adversary proceeding—Dzierzawski and his ex-wife—would remit a settlement payment of $1,210,000 to the bankruptcy trustee. Thus, the money recovered from the settlement agreement was not provided in full satisfaction of Vulpina's judgment against defendants. Rather, it was included as part of the bankruptcy estate, which means that it was to be distributed in the order of priority mandated under the Bankruptcy Code. Nothing in the settlement agreement and release indicates that the money was earmarked or otherwise guaranteed to be paid in satisfaction—full or otherwise—of Vulpina's judgment against defendants.

Finally, in addition to directing this Court to the settlement agreement and release, defendants also direct this Court to the website for Vulpina's lawyers, which, at one time included the following blurb:

> Represented a creditor in bankruptcy in pursuant [sic] a debtor that had fraudulently transferred a company to his wife to hide his assets pre-bankruptcy. The Freeborn team investigated that debtor for bankruptcy fraud and our efforts ultimately lead [sic] the debtor to voluntarily waive his discharge, and (unsuccessfully) seek dismissal of the bankruptcy action. The team was able to obtain derivative standing to pursue the fraudulent transfer claim on the trustee's behalf, resulting in a near 100% recovery for the creditor.

This, does not, however, prove that defendants received a full settlement of the judgment in the bankruptcy court. Indeed, assuming arguendo that the blurb refers to the action between Dzierzawski and Vulpina, the blurb indicates only that there was "a near 100% recovery." Thus, by its very terms, the blurb allows for an inference that part of the judgment remained outstanding.

In sum, after the bankruptcy proceedings, the outstanding principal balance on Vulpina's judgment against defendants was approximately $120,776. Because Dzierzawski did not receive a discharge of his debts in bankruptcy and because the settlement agreement and release does not provide that Vulpina's claim was barred by the release, Vulpina is not prohibited from seeking renewal of the outstanding judgment principal. The trial court, therefore, did not abuse its discretion by denying defendants' motion for relief from renewed judgment.

## III. RES JUDICATA

### A. STANDARD OF REVIEW

Defendants argue that the doctrine of res judicata bars Vulpina from seeking a renewed judgment that includes the principal on judgment. The interpretation of common-law doctrines,

such as res judicata, is a question of law that is reviewed de novo. *Mecosta Co Med Ctr v Metropolitan Group Prop and Cas Ins Co*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket Nos. 161628 & 161650); slip op at 5.

## B. ANALYSIS

"The purpose of the doctrine of res judicata is to prevent multiple suits litigating the same cause of action." *King v Munro*, 329 Mich App 594, 600; 944 NW2d 198 (2019). A second action on the same claim is barred if "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first." *Mecosta*, ___ Mich at ___; slip op at 5-6. The doctrine is applied broadly, and bars "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004). The doctrine of res judicata can be grounded on earlier bankruptcy proceedings. *RDM Holdings, LTD v Continental Plastics Co*, 281 Mich App 678, 691; 762 NW2d 529 (2008).

Defendants contend that the bankruptcy proceedings—specifically the adversary proceeding—resulted in a decision that barred Vulpina from pursuing the unpaid principal on its judgment. We disagree.

Defendants assert that the adversary proceedings resulted in a settlement agreement that was a "full resolution" of the dispute. The dispute at issue in the adversary proceeding, however, was not whether Dzierzawski was required to make a payment in full of the outstanding principal on Vulpina's judgment against defendants. Rather, the adversary proceeding involved a claim that Dzierzawski had either never transferred Vinifera or that his transfer was fraudulent and should be set aside. The matter that was fully resolved, therefore, related solely to the claims involving the transfer and ownership of Vinifera. Furthermore, notwithstanding that the settlement amount ($1,210,000) was more than the outstanding principal on the judgment ($1,054,775), the mere fact that the settlement payment could have satisfied the entirety of the judgment does not mean that there was a determination that Vulpina was barred from pursuing any unpaid principal in a later court proceeding. Indeed, as reflected by the final account filed by the bankruptcy trustee, notwithstanding that the settlement amount was more than Vulpina's judgment amount, the money distributed was approximately $120,776 less than the outstanding principal.

Because there was no discharge of debt under the Chapter 7 bankruptcy petition, and as there was no settlement and release barring Vulpina from seeking unpaid principal following the bankruptcy proceedings, we conclude that the earlier litigation did not result in a determination that Vulpina could not pursue the outstanding principal. As a result, Vulpina is not re-litigating any issues that were decided in the bankruptcy court. Nor do defendants argue that the matter currently being litigated could have been raised in the adversary proceedings specifically or the bankruptcy proceedings in general. Res judicata, therefore, does not apply in this case to bar Vulpina's claim.

Affirmed.  Vulpina may tax costs as the prevailing party.  MCR 7.219(A).

/s/ Michael J. Kelly
/s/ Mark T. Boonstra
/s/ Brock A. Swartzle